IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

No. 07-60008
Summary Calendar

LIRIDON BEKTESHI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 475 791

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

　　Liridon Bekteshi petitions this court for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Bekteshi argues that the IJ's determination that his expert witness's testimony was not credible is in error because the inconsistencies relied on by the IJ did not exist and, therefore, cannot provide the basis for an adverse credibility determination. Bekteshi has not demonstrated that the record compels a conclusion contrary to that of the IJ and therefore has not provided a basis for this court to replace the IJ's determinations concerning credibility or ultimate factual findings based on credibility determinations with its own determinations. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

Review of the record reveals that the IJ's determination that Bekteshi failed to demonstrate that he is entitled to asylum is supported by substantial evidence. The burden of proof for withholding of removal is a higher standard than asylum. Failure to satisfy the less demanding asylum standard is, a fortiori, a failure to demonstrate eligibility for withholding of removal. Id. at 906. The Convention Against Torture does not require persecution; it requires that an applicant prove that it is more likely than not that he will be tortured if removed. Id. at 906-07. Bekteshi has not demonstrated that he is entitled to relief on these alternative grounds.

The petition for review is therefore DENIED.